USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __4/10/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIANA MELO,

                                Plaintiff,

             -against-

EASTCHESTER UNION FREE SCHOOL,
DISTRICT ET AL,

                                Defendants.

26-cv-928 (NSR)

MEMORANDUM & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Luciana Melo ("Plaintiff") claims to have filed a Motion for Appointment of Pro Bono Counsel in an undated letter (ECF No. 10), although this Court is not in receipt of any such motion. In any event, Plaintiff's request for pro bono counsel is DENIED at this time.

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required

factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Here, the proceedings are still in their very early stages, the Complaint having been filed a mere two months ago on February 3, 2026, and the parties have yet to enter discovery or motion practice. Thus, the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses. Furthermore, because there has yet been any discovery or motion practice, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success.

Accordingly, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's request is DENIED without prejudice to renew at a later stage in the proceedings.

Dated:    April 10, 2026                                        SO ORDERED:
          White Plains, New York

_____
          NELSON S. ROMÁN
          United States District Judge